## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **ROGER L. GUSTAFSON**, an individual; **DAVID GUSTAFSON**, an individual; and **R.D.G. ENTERPRISES, INC**, a Nebraska Corporation,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>**PAUL J. BODLAK**, an individual; **JEAN M. BODLAK**, an individual; **THE COUNTY OF THURSTON, NEBRASKA**, a political subdivision of the State of Nebraska; **CLAYTON D. VONSEGGERN, TRUSTEE OF THE BILLY L. VONSEGGERN FAMILY TRUST**; **R.H. F. FARM, INC.**; **ALVIN J. SUNDERMAN**; **RAE SUNDERMAN**; **VERA W. WACHTER ESTATE**; **WESLEY V. DUNN**; **CHARLENE K. DUNN**; **EUGENE F. SCHUTTE FAMILY LIMITED PARTNERSHIP**; **RICHARD A. HEYNE**; **MARY HEYNE**; **WAX3 FARMS**; **THE UNITED STATES OF AMERICA**; and **THE UNITED STATES ARMY CORPS OF ENGINEERS**,<br><br>　　　　　Defendants. | **CASE NO. 8:15CV106**<br><br>**MEMORANDUM AND ORDER** |

　　This matter is before the Court on the Motion to Dismiss (Filing No. 9) submitted by Defendants United States of America and United States Army Corps of Engineers pursuant to Fed. R. Civ. P. 12(b)(1). A motion under Federal Rule of Civil Procedure 12(b)(1) challenges whether the Court has subject matter jurisdiction to hear the matter. The party asserting jurisdiction bears the burden of proving that jurisdiction is proper. *Great Rivers Habitat Alliance v. FEMA*, 615 F.3d 985, 988 (8th Cir. 2010).

This action was filed by the Plaintiffs in the District Court of Thurston County, Nebraska, seeking injunctive relief and damages against certain of the Defendants in connection with surface water flooding on land in Thurston County. The Plaintiffs included United States of America and the United States Army Corps of Engineers as Defendants because some of the affected land may be held in trust by the United States for Native Americans, and because certain injunctive relief sought by the Plaintiffs could require federal permits. (Amended Complaint, Filing No. 1-1 at 5-6.)

The United States of America and the United States Army Corps of Engineers removed this action to federal court, and now seek to have the action dismissed as to those two Defendants and remanded to state court for further proceedings. The United States of America and the United States Army Corps of Engineers note that there has been no waiver of their sovereign immunity, therefore this Court lacks subject matter jurisdiction over the Plaintiffs' claims against them. See *FDIC v. Meyer*, 510 U.S. 471, 475 (1994) (sovereign immunity is jurisdictional in nature; absent waiver, sovereign immunity shields federal government and agencies from suit); *V S Ltd. P'ship v. Dep't of Hous. & Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000) (to sue United States, plaintiff must show both waiver of sovereign immunity and grant of subject matter jurisdiction).

The Motion is unopposed, and it will be granted. The Plaintiffs' action will be remanded to the District Court of Thurston County, Nebraska, for further proceedings as to the remaining Defendants.

IT IS ORDERED:

1. The Motion to Dismiss (Filing No. 9) submitted by Defendants United States of America and United States Army Corps of Engineers is granted;

2.  All claims asserted by the Plaintiffs against the United States of America and United States Army Corps of Engineers are dismissed, without prejudice;

3.  This action is remanded to the District Court of Thurston County, Nebraska, for further proceedings as to the Plaintiffs' claims against the remaining Defendants.

DATED this 11th day of June, 2015.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge
